# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMEEL JONES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 17-5121** |
| | : | |
| **JOHN WETZEL,** *et al.* | : | |

**KEARNEY, J.**                                                                                                  **March 14, 2018**

## MEMORANDUM

Jameel Jones sues the Pennsylvania Department of Corrections Secretary John Wetzel, the Superintendent and Deputy Superintendent of the State Correctional Institute at Graterford, Pennsylvania, correctional officers, and a registered nurse employed at the prison alleging denial of medical care and an assault while returning from a visit to the prison's medical department. Mr. Jones does not identify the personal involvement of any Defendant other than Corrections Officer Todd McCormack and Nurse Ann Lewis. Mr. Jones cannot sue the Defendants in their official capacities as they are not "persons" capable of being sued in their official capacities under 42 U.S.C. § 1983. Mr. Jones must allege personal involvement of each Defendant to move forward on claims against them in their individual capacities. As he fails to do so, we grant Defendants' motion to dismiss without prejudice to allow Mr. Jones to plead, if there is a good faith basis to do so, personal involvement in the events by Secretary Wetzel, Superintendent Link, Deputy Superintendent Ondrejka, and Caption Terra in their individual capacities.

## I. Alleged facts

While confined at SCI Graterford, Mr. Jones reported complaints of chest pain and shortness of breath.[1] On December 2, 2015, Corrections Officers Edward Settle and Todd McCormack escorted Mr. Jones to the prison's medical center.[2] Defendant Anne Marie Lewis, a nurse, assessed Mr. Jones by taking his temperature. She did not check his breathing, blood pressure, or administer an electrocardiogram ("EKG").[3] Nurse Lewis told Mr. Jones to return to his unit.[4] As he left the medical center, Mr. Jones, handcuffed and shackled, fell to the floor hitting his head.[5] Corrections Officers Settle and McCormack picked Mr. Jones up from the floor, slammed his head into a wall multiple times until he became unconscious and broke his eye socket.[6] Mr. Jones alleges non-party Lieutenant Pressely ordered the Corrections Officers to cease their attack, but they disobeyed the order leaving Mr. Jones lying injured on the ground. Mr. Jones alleges Lieutenant Pressely directed Nurse Lewis to help Jones, and she refused to do so.[7]

After filing an internal complaint with the prison, Mr. Jones *pro se* brought this § 1983 action against Defendants alleging a denial of medical treatment and assault resulting in long term injury, depression, anxiety and panic attacks.[8]

## II. Analysis

Section 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured . . .."[9] Section 1983 does not provide a substantive right, but is the vehicle to bring a claim against state actors for a deprivation of rights secured by federal statute or the Constitution.[10]

2

Mr. Jones does not specify which of his Constitutional rights Defendants allegedly violated, but we infer from his allegations the denial of medical care, assault, and failure to protect him from assault is a violation of his Eighth Amendment rights.[11]

All Defendants move to dismiss the complaint under Rule 12(b)(1) to the extent they are sued in their official capacity, arguing they are immune under the Eleventh Amendment and are not persons who can be sued under § 1983.[12] Secretary Wetzel, Superintendent Link, Deputy Superintendent Ondrejka, and Captain Terra also move to dismiss under Rule 12(b)(6), arguing Mr. Jones fails to allege their personal involvement in any of the complained of incidents and they cannot be held liable on the basis of *respondeat superior*.[13]

As Mr. Jones proceeds *pro se*, we offer a short introduction to our standards in reviewing Defendants' motion to dismiss his case. A motion to dismiss under Rule 12(b)(1) is an objection to our subject matter jurisdiction challenging our "very power to hear the case."[14] Motions to dismiss under Rule 12(b)(1) fall into two categories; a facial or factual attack to jurisdiction.[15] A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'"[16] A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'"[17]

The present defense of Eleventh Amendment immunity is a facial attack to our subject matter jurisdiction and is properly raised under Rule 12(b)(1).[18] In reviewing a facial attack on jurisdiction, we accept Mr. Jones' allegations as true and construe his *pro se* allegations in his favor as the non-moving party, applying the same standard of review used in considering a motion to dismiss under Rule 12(b)(6).[19]

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[20] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] Our court of appeals requires we apply a three-step analysis under a 12(b)(6) motion: (1) we "must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) we "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[22] *Pro se* complaints must be construed liberally, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[23]

### A. We dismiss claims asserted against Defendants in their official capacities.

Defendants argue to the extent they are sued in their official capacities under § 1983, they are entitled to immunity under the Eleventh Amendment. The Eleventh Amendment bars "suits for monetary damages by private parties in federal court against a state or against state agencies."[24] Eleventh Amendment immunity extends to state officials sued in their official capacities because they are "no different from a suit against the State itself."[25] State employees in their official capacities are not considered "persons" within the meaning of § 1983.[26] Defendants, employees of the executive agency of the Commonwealth's Department of Corrections, are not considered "persons" within the meaning of § 1983, and are dismissed in their official capacities.[27] To the extent Mr. Jones seeks money damages from Defendants in their official capacities, his claims are dismissed with prejudice.

4

The Eleventh Amendment, however, does not bar claims against state officials for actions taken in their individual capacities.[28] To the extent Mr. Jones's claims are asserted against the Defendants in their individual capacities, we have jurisdiction over claims for individual liability subject to overcoming Secretary Wetzel, Superintendent Link, Deputy Superintendent Ondrejka, and Captain Terra's Rule 12(b)(6) motion.

### B. Mr. Jones fails to allege personal involvement of Secretary Wetzel, Superintendent Link, Deputy Superintendent Ondrejka, and Captain Terra.

Secretary Wetzel, Superintendent Link, Deputy Superintendent Ondrejka, and Captain Terra move to dismiss the claims brought against them in their individual capacities under Rule 12(b)(6) for failure to allege their personal involvement in the denial of medical care and assault incidents. To state a claim under § 1983, Mr. Jones must allege each of the Defendants had "personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."[29] Personal involvement can be shown through allegations of "personal direction or of actual knowledge and acquiescence" and must be pleaded with particularity.[30]

Mr. Jones fails to allege *any* actions taken by Secretary Wetzel, Superintendent Link, Deputy Superintendent Ondrejka, and Captain Terra, let alone personal involvement in the alleged inadequate medical care, assault, and failure to protect Mr. Jones from attack by Officers Settle and McCormack. There are no allegations of personal direction, actual knowledge, or acquiescence required to show personal involvement sufficient to state a claim for individual liability under §1983. We accordingly dismiss all claims against Secretary Wetzel, Superintendent Link, Deputy Superintendent Ondrejka, and Captain Terra without prejudice to allege facts of their personal involvement, if possible, sufficient to state a claim of individual liability against them under § 1983.

### III. Conclusion

We grant Defendants' motion to dismiss with prejudice to the extent any claims are brought against them in their official capacities. We grant Secretary Wetzel, Superintendent Link, Deputy Superintendent Ondrejka, and Captain Terra's motion to dismiss the § 1983 claims against them in their individual capacities with leave to amend if Mr. Jones can plead sufficient facts to show their personal involvement.

---

[1] ECF Doc. No. 1 at 5.

[2] *Id.* Mr. Jones named Corrections Officer Settle as a defendant. The Governor's Office of General Counsel advised us it cannot accept service on behalf of Officer Settle because he is now deceased. ECF Doc. No. 8. Defendant Corrections Officer McCormack is incorrectly identified as "CO Macorbac" in Mr. Jones's Complaint. ECF Doc. 11 at 4 n.2.

[3] ECF Doc. No. 1 at 5.

[4] *Id.* at 5.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4, 6.

[9] 42 U.S.C. § 1983.

[10] *Barna v. Bd. of Sch. Directors*, 877 F.3d 136, 142 (3d Cir. 2017) (quoting *Black v. Montgomery Cnty.*, 835 F.3d 358, 364 (3d Cir.) *as amended* (Sept. 16, 2016), *cert. denied sub nom. Pomponio v. Black*, --- U.S. ---, 137 S.Ct. 2093, 197 L.Ed.2d 895 (2017)).

[11] Defendants concede Mr. Jones alleges a violation of his rights under the Eighth Amendment for the denial of adequate medical care, assault, and failure to protect him from assault. ECF Doc. No. 11 at 4.

[12] ECF Doc. No. 11.

[13] *Id.*

[14] *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)) (footnote omitted).

[15] *Gould Elec., Inc. v. United States*, 229 F,3d 169, 176 (3d Cir. 2000).

[16] *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska . v. Gannon Univ.*, 462 F.3d 294, 302 n. 3 (3d Cir. 2006)).

[17] *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

[18] *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693, n.2 (3d Cir. 1996) (Eleventh Amendment immunity may properly be considered as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)); *Vanderklock v. United States*, 142 F. Supp. 3d 356, 359 (E.D. Pa. 2015) (citing *Urella v. Pa. State Troopers Assoc.*, 628 F.Supp. 2d 600, 605 (E.D. Pa. 2008) (assertion of Eleventh Amendment immunity as a defense is properly treated as a facial challenge).

[19] *Constitution Party of Pa.*, 757 F.3d at 358 (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

[20] *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)) (internal quotation marks omitted).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[22] *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[23] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

[24] *Melo v. Hafer,* 912 F.2d 628, 635 (3d Cir. 1990), *aff'd* 502 U.S. 21 (1991); *Lavia v. Pa., Dept. of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

[25] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

[26] *Id.* at 64-66.

[27] *Lavia*, 224 F.3d at 195 (Pennsylvania's Department of Corrections is part of the executive department of the Commonwealth and "shares in the Commonwealth's Eleventh Amendment immunity") (citing 71 Pa. Cons. Stat. § 61).

[28] *Randolph v. Wetzel*, 987 F.Supp. 2d 605, 613-14 (E.D. Pa. 2013) (citing *West v. Keve*, 571 F.2d 158, 163 (3d Cir. 1978)).

[29] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976)); *see also Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (imposition of liability in a § 1983 action requires showing defendant had personal involvement in alleged wrongs and cannot be predicated on a *respondeat superior* theory).

[30] *Rode*, 845 F.2d at 1208; *see also Clemens v. Warden SCI Greene*, --- F.Supp. 3d ---, No. 16-4820, 2018 WL 994353, at * 4 (E.D. Pa. Feb. 20, 2018) (dismissing claims against defendant employees of state correctional system for failing to allege personal involvement in, or knowledge or and acquiescence to, alleged wrongs); *Presbury v. Wenerowicz*, No. 16-4949, 2017 WL 5070724, at * 5 (E.D. Pa. Nov. 2, 2017) (dismissing claims against defendant employees of state correctional system for failing to allege personal involvement in any alleged wrongs); *Young v. Wetzel*, No. 15-6884, 2017 WL 37639272, at * 3 (E.D. Pa. Aug. 30, 2017) (dismissing claims against Secretary Wetzel and employees of state correctional system for failing to allege personal involvement in alleged wrongs).